Chet Snider, Esq. SBN 28651
csnider@medhealthpartners.com
Aviation West Charters, LLC
17851 N. 85th Street, Suite 350
Scottsdale, Arizona 85255
Telephone: (833) 610-1860
Facsimile: (844) 404-3952

Eamon Kelly (admitted *pro hac vice*)
ekelly@sperling-law.com
Sperling & Slater, P.C.
55 W. Monroe, Suite 3200
Chicago, Illinois 60603
Telephone: (312) 641-3200
Facsimile: (312) 641-6492

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, on behalf of her minor child and Aviation West Charters, LLC d/b/a Angel MedFlight,<br><br>Plaintiffs,<br><br>v.<br><br>Haier US Appliance Solutions, Inc. d/b/a GE Appliances, a Haier Company; and GE Appliances Health and Welfare Benefit Plan for Employees,<br><br>Defendants. | Case No. 2:22-cv-00202-PHX-JFM<br><br>**UNOPPOSED MOTION TO PROCEED PSEUDONYMOUSLY** |

1

Plaintiff Jane Doe, on behalf of her minor child hereby moves for leave from this Court to proceed pseudonymously.

## INTRODUCTION

Jane Doe's daughter, a minor child ("M.C.") was diagnosed with a severe eating disorder at age 14. This case concerns whether M.C.'s air-ambulance transportation to the ACUTE Center for Eating Disorders in Denver, Colorado ("ACUTE") is a covered benefit for M.C. under the terms of her health plan.

Because M.C. has a "legitimate concern for [her] privacy" and "an understandable fear of social stigmatization" (*Roes 1-2 v. SFBSC Mgmt. LLC,* 77 F.Supp.3d 990, 993 (N.D. Cal.2015)) should her private medical information be made public—and because Defendants do not oppose this motion—we respectfully request that this Court grant Plaintiff Jane Doe leave to proceed pseudonymously and direct all parties to refer to Jane Doe and M.C. by these fictitious names in all filings.

## BACKGROUND

Jane Doe is M.C.'s mother. She also serves as M.C.'s power of attorney with respect to her air-ambulance benefits claim.

This case hinges on whether M.C. required a transfer to ACUTE, and, if so, whether she required air-ambulance transportation to effect the transfer. Litigating these issues will require a close examination of M.C.'s medical records, which include a diagnosis of severe anorexia; her attempts (as a result of her eating disorder) to mislead her doctors; her doctors' belief that she required "constant monitoring" and was a flight risk; threats of suicide; indications that M.C. (again, as result of the disorder) had poor judgment and poor insight into the nature of her condition; and the like.

Defendants are aware of Jane Doe's and M.C.'s identities.

Counsel for Plaintiffs conferred with counsel for Defendants, who advised that they do not oppose this motion.

## LEGAL STANDARD

In the Ninth Circuit, parties may proceed pseudonymously when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). In considering a motion to proceed pseudonymously, courts must determine whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.*

In making this determination, courts may consider whether the case will involve the disclosure of sensitive and personal medical information—including, particularly, mental health evaluations and medical reports which may subject the patient to social stigmatization (*Roe v. City of Milwaukee,* 37 F. Supp. 2d 1127, 1129 (E.D. Wis. 1999))—and whether it is "critical to the working of justice to reveal" the identity of the pseudonymous plaintiff. *Roes 1-2*, 77 F. Supp. 3d at 996.

## ARGUMENT

All of the relevant factors weigh in favor of allowing Jane Doe to proceed pseudonymously.

Because Defendants are aware of Jane Doe's and M.C.'s identities, Defendants may raise any related argument or (to the limited extent it might be permitted in this ERISA action) conduct discovery. Thus, Defendants would not be prejudiced in any apparent way if this Court allows Jane Doe and M.C. to remain anonymous. Consistent with the foregoing, Defendants do not oppose this motion.

Similarly, the public's interest in knowing the patient's identity is limited, because her identity is not critical to the resolution of the case. Instead, if the Court grants this motion, the Court would remain free to apply the controlling law to M.C.'s medical circumstances. This would ensure that the salient facts of the case and the Court's analysis are accessible to the public, which "is the crucial thing." *Roes 1-2*, 77 F. Supp. 3d at 996.

In contrast to the absence of apparent prejudice to the public and Defendants, M.C.'s need for anonymity is obvious and compelling. It is beyond dispute that M.C.'s

medical records are of a "sensitive and highly personal" nature. As described above, the medical records document M.C.'s years-long struggle with severe anorexia nervosa (a disorder with a significant social stigma attached to it) as well as potentially damaging records of attempts (due to the nature of her disorder) to deceive her medical providers, threats of self-harm, and the like. Moreover, the foregoing is exacerbated by the fact that M.C. was a minor at the relevant times.

The law does not require Jane Doe to choose between making her daughter's private, sensitive medical information public (thus risking both relapse and social stigmatization) or litigating whether the medical services she received are covered under her health plan. *See, e.g., Roes 1-2,* 77 F.Supp.3d at 993 (allowing plaintiffs to remain anonymous due to fear of social stigmatization); *Roe v. United States*, 2020 U.S. Dist. LEXIS 29323 at *9 (E.D. Cal. Feb. 19, 2020) (same); *Alexandra H. v. Oxford Health Ins., Inc.* 2012 U.S. Dist. LEXIS 202389, at *3-5 (S.D. Fla. Mar. 23, 2012) (noting anorexic patient's recovery could be jeopardized if private medical information were publicized). She should be permitted to proceed pseudonymously.

## CONCLUSION

Plaintiff Jane Doe, on behalf of her minor child respectfully requests that this Court permit her to proceed pseudonymously, and direct all parties to refer to Jane Doe and M.C. by these fictitious names in all filings.

Respectfully submitted this 22nd day of February, 2022.

By: /s/ Eamon Kelly

Eamon P. Kelly (admitted *pro hac vice*)
Sperling & Slater, P.C.
55 W. Monroe Street, Suite 3200
Chicago, IL 60603
T: (312) 641-3200
F: (312) 641-6492
ekelly@sperling-law.com

*Attorneys for Plaintiff Jane Doe*

## CERTIFICATE OF SERVICE

I, Eamon P. Kelly, hereby certify that on February 22, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Dated:  February 22, 2022

/s/ Eamon P. Kelly

Eamon P. Kelly (admitted *pro hac vice*)
Sperling & Slater, P.C.
55 W. Monroe Street, Suite 3200
Chicago, IL 60603
T:  (312) 641-3200
F:  (312) 641-6492
ekelly@sperling-law.com